# St. Louis Merchants Bridge Terminal Ry. Co. v. Martin Rogan.

1. VERDICTS—*When Not to be Disturbed.*—When a jury has been fully instructed upon the theory of the unsuccessful party, and there is evidence upon which it might have found either way, this court will not reverse the judgment on the ground that the verdict is against the weight of the evidence.

**Trespass on the Case,** for personal injuries. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

G. A. KOERNER and VICTOR K. KOERNER, attorneys for appellant.

JESSE M. FREELS and WM. P. LAUNTZ, attorneys for appellee.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for damages, recovered by appellee against appellant, in the City Court of East St. Louis, in an action on the case, for the alleged negligence of appellant in backing its locomotive engine, at an unlawful and dangerous rate of speed in the night-time, without any headlight burning, and without ringing the bell or sounding the whistle, against appellee's wagon, in which appellee was riding, and, in the exercise of ordinary care, was crossing the railroad track at a public highway crossing known as "Brooklyn Crossing," whereby appellee's wagon was damaged and appellee was thrown out of the wagon and received severe personal injuries.

It appears that the case has been three times tried, which probably accounts, in a measure, for the fact that no complaint is made that the court admitted improper testimony to go to the jury, or excluded proper testimony from them,

or that the court committed any error in instructing the jury.

The only complaint made, and the only reasons urged by appellant for a reversal of the judgment are, that the verdict is against the weight of the evidence, and that the damages are excessive.

It must by admitted that a cursory glance at the evidence, as it appears written out, leaves the impression that the verdict for $1,500 was unjustified, and so the court below evidently viewed the matter, or it would not have required the plaintiff to remit $500 of it.

There is a sharp conflict in the testimony of the witnesses as to whose fault it was that caused the accident, and but little as to the fact that appellee was seriously injured. If appellee and several of his witnesses are to be believed, appellant was guilty of the negligence complained of, and appellee testifies that before attempting to cross the track, he stopped his horse and looked to see if a train was coming, but saw none, and saw no headlight, and heard no bell or noise of a train, and then started across.

All of the witnesses who testify on the subject say it was nearly or quite dark when the accident occurred. On the other hand the testimony of appellant's witnesses strongly tends to show that it was the fault of appellee entirely that he was injured.

Evidently the crossing, on account of a number of railroad tracks being there, was more than ordinarily dangerous, and so appellant and appellee were both required to exercise greater care in approaching it than if it had been but the crossing of a single track.

The jury seem to have been fully instructed on defendant's theory of the case, at least to the verge of the law, and there being evidence from which the jury might have found either way, we do not feel justified in reversing the judgment on the ground that the verdict is against the weight of the evidence, especially since the remittitur required by the court below, as a condition of judgment for $1,000, instead of the amount found by the jury.

That appellee was seriously and probably permanently injured, can scarcely be doubted from the evidence, and including his physician's bill and actual loss of time (leaving out his wagon entirely), $1,000 damages does not appear to us excessive, and we can not, for that reason, reverse the judgment of the court below, and accordingly it is affirmed.